UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br><br><br>Debtor | Case No. _____<br>Amended<br><br>**NOTICE OF MOTION AND MOTION TO BUY, SELL, OR ENCUMBER INTEREST IN PROPERTY IN A CHAPTER 13 CASE** |

## NOTICE

1. YOU ARE NOTIFIED that the motion below was filed by _____ _____ [*enter name of movant*], who is _____ [*enter role in case*] in the case, to [*check all that apply*]:

    Buy property

    Sell property

    Encumber property (including refinance of property and loan modification)
    **

2. If you wish to object to the motion, you must, within ~~21~~ days after the service date in paragraph 5 below, file with the clerk at 1050 SW 6th Ave. #700, Portland OR 97204 or 405 E 8th Ave. #2600, Eugene OR 97401 a written objection stating the specific facts upon which the objection is based, and include a certificate of service of the objection on the movant.

3. **Failure to Object**. If you fail to file a timely objection, then the court may sign an order without further notice, submitted by the moving party on Local Bankruptcy Form 1301.5, granting the relief requested in the motion.

4. This document constitutes the notice required by Local Bankruptcy Rule 2002-1.

5. I certify that on _____ this document was:

    a. served under Federal Rule of Bankruptcy Procedures (FRBP) 7004, on the debtor, chapter 13 trustee, U.S. trustee, each holder of liens or encumbrances on the property, and their attorneys; and

    b. was sent, pursuant to FRBP 2002(a), to all creditors and all parties as listed in the court's records that were obtained on _____, a copy of which is attached to the document filed with the court.

6. For further information, contact [*enter name and contact information of movant's attorney, or, if no movant's attorney, movant*]:

Michael R. Blaskowsky - OSB #84176
*For* Todd Trierweiler - OSB #85348

_____    _____
Date             Signature & Relation to Movant

_____
Movant's Address and, if movant is debtor, last 4 Digits of Taxpayer ID#

_____

## MOTION

### Information About the Property

[*Movant must complete this entire section*]

1. **Description of the Property** [*for example, real property address; car model, year, and VIN; or manufacturer and serial number*]:




Is the property the debtor's primary residence?     Yes     No

Additional property description attached?     Yes     No

2. **Description of Existing Liens and Encumbrances on the Property, Listed in Priority Order** [*for property debtor is purchasing, do not include liens and encumbrances of the existing owner that will be satisfied at the closing of the purchase*]:

| Name of Holder | Approximate Amount | Interest Rate | Maturity Date | Proposed Treatment (fully paid, partially paid, or not paid) |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  | N/A |  |
|  |  |  | N/A |  |

Additional information on existing liens and encumbrances attached?     Yes     No

**Relief Requested**

*[Movant must complete each applicable part of this section; inapplicable parts of this section may be left blank.]*

3. **Motion to Approve Purchase of Property.** Debtor hereby moves for the authority to purchase the property described in paragraph 1 of this motion. In support of this motion, debtor provides the following information--

   Name of seller:

   Relationship of seller to debtor:

   Purchase price: $

   Anticipated closing date:

   Other relevant terms of purchase:

   Source of funds for purchase:

4. **Motion to Approve Sale of Property.** Debtor hereby moves for the authority to sell the property described in paragraph 1 of this motion. In support of this motion, debtor provides the following information--

   Name of buyer:

   Relationship of buyer to debtor:

   Sale price: $

   Anticipated closing date:

   Other relevant terms of sale:

   Anticipated net proceeds:

   Disposition of anticipated net proceeds (other than payment of liens and encumbrances described in paragraph 2 of this motion):

5. **Motion to Approve Encumbrance of Property** (including refinance of property and loan modification).  Movant hereby moves for the authority for debtor to encumber the property described in paragraph 1 of this motion.  In support of this motion, movant provides the following information—

Encumbrance type:    New Loan    Refinance    Loan Modification

Name of lender:

Relationship of lender to debtor:

Principal amount of loan: $

Interest rate:

Loan term/maturity date:

Payment amount and terms [*for example, monthly, interest only with balloon or fully amortizing, payable only after prior debt*]:

Closing costs:

Lien position [*senior lien, second position lien, etc.*]:

Amount of cash debtor will receive from refinance:    $0    $

Use of any cash debtor receives:

If this is a refinance or loan modification, explain how the new terms compare with the prior terms:

## Points and Authorities
*[Movant must complete this entire section]*

6. **Basis for Relief.**   Movant asserts that the court should grant the relief requested because:

7. **Chapter 13 Trustee Position on this Motion.** Movant or movant's counsel has conferred with the chapter 13 trustee, and the trustee:

> Consents to this motion
>
> Opposes this motion
>
> Takes no position on this motion
>
> Other:

8. **Plan**

   a.   Does the chapter 13 plan contemplate the relief requested herein?     Yes     No

   b.   Effect of Requested Relief on Plan or Plan Payments.  Check all that apply:

   > Satisfies an arrearage or other secured debt being paid in the plan.
   >
   > Movant anticipates debtor will have     an increased     a reduced housing expense of $_____ compared to the amount listed in the most recently filed Schedule J.
   >
   > Net proceeds will be used to complete debtor's obligations under the plan.
   >
   > Net proceeds will be used to pay all creditors in full.
   >
   > Other:

9.  **Exhibits**

In support of this motion, movant hereby attaches the following exhibits [*for example, purchase and sale agreement, note, deed of trust, preliminary title report, estimated closing statement*]:

None

Exhibits:

| Exhibit Number [*for example, Exhibit B*] | Exhibit Description [*for example, purchase and sale agreement, note, deed of trust, preliminary title report, estimated closing statement*] |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

10. **Declarations**

In support of this motion, movant hereby attaches the following declarations:

None

Declarant names:

Michael R. Blaskowsky - OSB #84176
*For* Todd Trierweiler - OSB #85348

_____    _____
Date          Signature & Relation to Movant

              _____
              Movant's Address and, if Movant is Debtor, last 4 Digits of Taxpayer ID#

              _____

**List of Parties to Be Served**
**Josephine Carter-Holmes**
**24-30003-dwh13**

| | |
|---|---|
| Advantis Credit Union<br>P.O. Box 14220<br>Portland, OR 97293 | IRS Centralized Insolvency Operation<br>P.O. Box 7346<br>Philadelphia, PA 19101 |
| Jefferson Capital Systems LLC<br>P.O. Box 7999<br>St. Cloud, MN 56302 | Fay Servicing LLC<br>P.O. Box 814609<br>Dallas, TX 75381 |
| Point West Credit Union<br>P.O. Box 11999<br>Portland, OR 97211 | SCI Management<br>P.O. Box 7806<br>Houston, TX 77270 |
| Phoebe Dorcus<br>1505 N. Terry Street #4<br>Portland, OR 97207 | Ms. Suzanne Rowe<br>P.O. Box 80909<br>Portland, OR 97280 |



**First American Title Insurance Company**

1 SW Columbia Street, Ste 1600
Portland, OR 97204
Phn - (503)222-3651   (800)929-3651
Fax - (877)242-3513

Exhibit A

Order No.: 7072-4225485
March 04, 2025

**FOR QUESTIONS REGARDING YOUR CLOSING, PLEASE CONTACT:**
LISA L. SMITH, Escrow Officer/Closer
Phone: (503)353-2589 -  Fax: (866)902-9870- Email:lsmith@firstam.com
First American Title Insurance Company
9200 SE Sunnybrook Blvd., Ste 400, Clackamas, OR 97015

**FOR ALL QUESTIONS REGARDING THIS PRELIMINARY REPORT, PLEASE CONTACT:**
**Lauren Finbraaten**, Title Officer
Toll Free: (800)929-3651 - Direct: (503)790-7861 - Email: lfinbraaten@firstam.com

## Preliminary Title Report

This report is for the exclusive use of the parties herein shown and is preliminary to the issuance of a title insurance policy and shall become void unless a policy is issued, and the full premium paid.

Please be advised that any provision contained in this document, or in a document that is attached, linked or referenced in this document, that under applicable law illegally discriminates against a class of individuals based upon personal characteristics such as race, color, religion, sex, sexual orientation, gender identity, familial status, disability, national origin, or any other legally protected class, is illegal and unenforceable by law.

**County Tax Roll Situs Address:** 6518 SE Platt Avenue, Portland, OR 97236

| | | | | | |
|---|---|---|---|---|---|
| 2021 ALTA Owners Standard Coverage | Liability $ | 675,000.00 | Premium $ | | 1,613.00 |
| 2021 ALTA Owners Extended Coverage | Liability $ | | Premium $ | | |
| 2021 ALTA Lenders Standard Coverage | Liability $ | | Premium $ | | |
| 2021 ALTA Lenders Extended Coverage | Liability $ | 573,750.00 | Premium $ | | 538.00 |
| Endorsement 9.10, 22 & 8.1 | | | Premium $ | | 100.00 |
| Govt Service Charge | | | Cost $ | | 30.00 |
| City Lien/Service District Search | | | Cost $ | | |
| Other | | | Cost $ | | |

**Proposed Insured Lender:  Eastbank Mortgage**

**Proposed Borrower:  Schafia Naseri and Angela Naseri**

We are prepared to issue Title Insurance Policy or Policies of First American Title Insurance Company, a Nebraska Corporation in the form and amount shown above, insuring title to the following described land:

The land referred to in this report is described in Exhibit A attached hereto.

and as of February 27, 2025 at 8:00 a.m., title to the fee simple estate is vested in:

The heirs and devisees of Josephine Holmes, deceased

Subject to the exceptions, exclusions, and stipulations which are ordinarily part of such Policy form and the following:

1.  Taxes or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public records; proceedings by a public agency which may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the public records.

2.  Facts, rights, interests or claims which are not shown by the public records but which could be ascertained by an inspection of the land or by making inquiry of persons in possession thereof.

3.  Easements, or claims of easement, not shown by the public records; reservations or exceptions in patents or in Acts authorizing the issuance thereof; water rights, claims or title to water.

4.  Any encroachment (of existing improvements located on the subject land onto adjoining land or of existing improvements located on adjoining land onto the subject land), encumbrance, violation, variation, or adverse circumstance affecting the title that would be disclosed by an accurate and complete land survey of the subject land.

5.  Any lien, or right to a lien, for services, labor, material, equipment rental or workers compensation heretofore or hereafter furnished, imposed by law and not shown by the public records.

   **The exceptions to coverage 1-5 inclusive as set forth above will remain on any subsequently issued Standard Coverage Title Insurance Policy.**

   **In order to remove these exceptions to coverage in the issuance of an Extended Coverage Policy the following items are required to be furnished to the Company; additional exceptions to coverage may be added upon review of such information:**

        A.     Survey or alternative acceptable to the company
        B.     Affidavit regarding possession
        C.     Proof that there is no new construction or remodeling of any improvement located on the premises. In the event of new construction or remodeling the following is required:
             i.     Satisfactory evidence that no construction liens will be filed; or
             ii.     Adequate security to protect against actual or potential construction liens;
             iii.    Payment of additional premiums as required by the Industry Rate Filing approved by the Insurance Division of the State of Oregon

6.  Water rights, claims or title to water, whether or not shown by the public record.

7.  Any claim to (a) ownership of or rights to minerals and similar substances, including but not limited to ores, metals, coal, lignite, oil, gas, uranium, clay, rock, sand, and gravel located in, on, or under the Land or produced from the Land, whether such ownership or rights arise by lease, grant, exception, conveyance, reservation, or otherwise; and (b) any rights, privileges, immunities, rights of way, and easements associated therewith or appurtenant thereto, whether or not the interests or rights excepted in (a) or (b) appear in the Public Records.

8.  City liens, if any, of the City of Portland.

   Note:  There are no liens as of March 03, 2025.  All outstanding utility and user fees are not liens and therefore are excluded from coverage.

9.  Conditions and Restrictions contained in Ordinance No. 155980 of the City of Portland, a copy of which was

Recorded:                           May 23, 1984 as Book 1749, Page 1169

10.    Easement, including terms and provisions contained therein:
       Recording Information:       February 21, 1986 as Book 1886, Page 1891
       In Favor of:                 City of Portland
       For:                         Slope
       Affects:                     Westerly portion of Tract A

11.    Conditions and Restrictions contained in Conditional Use Permit No. CU 98-87.
       Recorded:                    September 23, 1987 as Book 2044, Page 1124

12.    Conditions and Restrictions contained in Zone Code Variance No. 7981.
       Recorded:                    July 05, 1990 as Book 2320, Page 660

13.    Restrictive Covenant to Waive Remonstrance, pertaining to Street improvement including the terms and provisions thereof
       Recorded:                    March 01, 1993 as Book 2654, Page 995

14.    Restrictive Covenant to Waive Remonstrance, pertaining to storm sewer including the terms and provisions thereof
       Recorded:                    March 01, 1993 as Book 2654, Page 996

15.    Easement, including terms and provisions contained therein:
       Recording Information:       December 22, 1995 as Fee No. 95158769
       In Favor of:                 Ronald H. Johnston
       For:                         Use and maintenance of water, septic and sewage systems

16.    Conditions and Restrictions contained in Land Use Review File No. LUR 95-0085 SU
       Recorded:                    August 28, 1996 as Fee No. 96130441

17.    Conditions and Restrictions contained in Land Use Review File No. LUR 95-00125 SU
       Recorded:                    October 14, 1999 as Fee No. 99191149

18.    Conditions and Restrictions contained in Land Use Review File No. LUR LU 02-154268 EF
       Recorded:                    February 11, 2003 as Fee No. 2003-031989

19.    Restrictions shown on the recorded plat/partition.

20.    Easement as shown on the recorded plat/partition
       For:                         Public utilities
       Affects:                     See plat for exact location

21.    Easement as shown on the recorded plat/partition
       For:                         Public walkway
       Affects:                     See plat for exact location

22.    Covenants, conditions, restrictions and/or easements; but deleting any covenant, condition or restriction indicating a preference, limitation or discrimination based on race, color, religion, sex, handicap, family status, or national origin to the extent such covenants, conditions or restrictions violate Title 42, Section 3604(c), of the United States Codes:
       Recording Information:       January 12, 2004 as Fee No. 2004-003058

23.    Form O&M: Operations & Maintenance Plan, including terms and provisions thereof.
       Recorded:                          November 24, 2004 as Fee No. 2004-213592


24.    Deed of Trust and the terms and conditions thereof.
       Grantor/Trustor:                   Josephine Carter Holmes, who originally took title as Josephine
                                          Holmes, and Lenton Holmes, as tenants by the entirety
       Grantee/Beneficiary:               Point West Credit Union
       Trustee:                           Fidelity National Title Insurance Company
       Amount:                            $59,000.00
       Recorded:                          July 23, 2008
       Recording Information:             Fee No. 2008-108352

       **Note:  This Deed of Trust contains Line of Credit privileges.**  If the current balance owing on
       said obligation is to be paid in full in the forthcoming transaction, confirmation should be made that
       the beneficiary will issue a proper request for full reconveyance.

       The lien of said Deed of Trust was subordinated to the lien of the instrument recorded October 06,
       2009 under recording no. 2009-140910 by agreement recorded October 06, 2009 under recording
       no. 2009-140911.

25.    Deed of Trust and the terms and conditions thereof.
       Grantor/Trustor:                   Lenton Holmes and Josephine Holmes, as tenants by the entirety
       Grantee/Beneficiary:               Wells Fargo Bank, N.A.
       Trustee:                           Fidelity National Title Ins Co.
       Amount:                            $414,275.00
       Recorded:                          October 06, 2009
       Recording Information:             Fee No. 2009-140910

       Modification and/or amendment by instrument:
       Recording Information:             April 05, 2017 as Fee No. 2017-041117

       The beneficial interest was assigned by successive assignments, the last of which was; Recorded:
       April 23, 2021 Recording information: Fee No. 2021-065994 To: US Bank Trust National Association,
       not in its Individual Capacity but Solely as Owner Trustee for VRMTG Asset Trust, its successors,
       transferees and assigns forever.

       A document recorded June 12, 2023 as Fee No. 2023-035848 of Official Records provides that Quality
       Loan Service Corporation f/k/a Quality Loan Service Corporation of Washington was substituted as
       trustee under the deed of trust.

       Notice of Default and Election to Sell and the terms therein
       Recorded:                          August 18, 2023 as Fee No. 2023-051697

       Affidavit of Mailing, Trustee's Notice of Sale, Proof of Service and Affidavit of Publication,
       Recorded:                          December 04, 2023 as Fee No. 2023-074801

26.    A Judgment for the amount herein stated and any other amounts due.
       Case No.:                          15CV24143
       Entered:                           November 04, 2015
       Amount:                            $2,782.78, plus interest, costs, if any
       Creditor:                          Capital One Bank (USA), N.A.
       Debtor:                            Lenton Holmes


27.    Lien of the State of Oregon , Department of Revenue for tax deferred properties, as set forth in
       notice

Recorded:                    June 13, 2022 as Fee No. 2022-068418
Account No.:                 008750671-36

28.    Pendency of Bankruptcy Proceedings under Chapter13 in the United States District Court:

Case No.:                         24-30003-dwh13
Filed:                            January 02, 2024
Trustee/Receiver:                 US Trustee, Portland; Wayne Godare
Bankrupt/Debtor:                  Josephine Carter-Holmes
Attorney for Bankrupt/Debtor:     Todd Trierweiler

29.    Due Probate and Administration of the Estate of Josephine Carter-Holmes, deceased, Probate No. 24PB08842, which proceedings are pending in Circuit Court/Superior Court for Multnomah County.  Suzanne Rowe of Summit Fiduciary Services, LLC was appointed as Personal Representative.  **FORTHCOMING SALE MUST BE UNDER PROPER NOTICE, HEARING AND ORDER OF THE COURT**.  Attorney for Estate, Scott N. Barbur.

A Limited Judgment Approving the Un-Restriction of Real Property for Sale and the terms and provisions of said Judgment was filed February 26, 2025.

30.    Claims, including taxes, against the Estate of Josephine Carter-Holmes, deceased, Case No. 24PB08842, now pending.

31.    **Proof should be furnished that the requirements of the Oregon Mortgage Rescue Fraud Protection Act, O.R.S. 646A.700 *et seq*, have been complied with, and that no additional rights pursuant thereto have been created.  This exception to Schedule B removes from coverage any rights and/or interest created pursuant to the Act.**

32.    Rights or interests of persons in possession, and any rights or interests that could be learned by making inquiry of a person in possession; including any claim by a previous owner, or person claiming through a previous owner.

- END OF EXCEPTIONS -

NOTE:  We find no matters of public record against Schafia Naseri and Angela Naseri that will take priority over any trust deed, mortgage or other security instrument given to purchase the subject real property as established by ORS 18.165.

NOTE:  Taxes for the year 2024-2025 PAID IN FULL
Tax Amount:                  $6,967.59
Map No.:                     1S3E18CD-01611
Property ID:                 R541448
Tax Code No.:                175

NOTE:  According to the public record, the following deed(s) affecting the property herein described have been recorded within  24  months of the effective date of this report:  NONE

# THANK YOU FOR CHOOSING FIRST AMERICAN TITLE!
# WE KNOW YOU HAVE A CHOICE!

**RECORDING INFORMATION**

Filing Address:      **Multnomah County**
501 SE Hawthorne
Portland, OR 97214

Recording Fees:  $ **86.00 First Page**
(Comprised of:
$5.00 per page
$10.00 per document - Public Land Preservation Fund
$11.00 per document - OLIS Assessment & Taxation Fee
$60.00 per document - Oregon Housing Alliance Fee)
**$  5.00  E-Recording fee per document**
**$  5.00  for each additional page**
**$  5.00  for each additional document title, if applicable**
**$ 20.00 Non-Standard Document fee, if applicable**

**Exhibit "A"**

Real property in the  County of Multnomah, State of Oregon, described as follows:

Lot 17, DENALI ESTATES, in the City of Portland, County of Multnomah, State of Oregon. Together with an undivided interest in Tract A, DENALI ESTATES, in the City of Portland, County of Multnomah and State of Oregon.



# First American Title Insurance Company

## SCHEDULE OF EXCLUSIONS FROM COVERAGE
### ALTA LOAN POLICY (07/01/21)

The following matters are excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:

1.  a.  any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) that restricts, regulates, prohibits, or relates to:
        i.    the occupancy, use, or enjoyment of the Land;
        ii.   the character, dimensions, or location of any improvement erected on the Land;
        iii.  the subdivision of land; or
        iv.   environmental remediation or protection.
    b.  any governmental forfeiture, police, regulatory, or national security power.
    c.  the effect of a violation or enforcement of any matter excluded under Exclusion 1.a. or 1.b.
    Exclusion 1 does not modify or limit the coverage provided under Covered Risk 5 or 6.
2.  Any power of eminent domain. Exclusion 2 does not modify or limit the coverage provided under Covered Risk 7.
3.  Any defect, lien, encumbrance, adverse claim, or other matter:
    a.  created, suffered, assumed, or agreed to by the Insured Claimant;
    b.  not Known to the Company, not recorded in the Public Records at the Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
    c.  resulting in no loss or damage to the Insured Claimant;
    d.  attaching or created subsequent to the Date of Policy (Exclusion 3.d. does not modify or limit the coverage provided under Covered Risk 11, 13, or 14); or
    e.  resulting in loss or damage that would not have been sustained if consideration sufficient to qualify the Insured named in Schedule A as a bona fide purchaser or encumbrancer had been given for the Insured Mortgage at the Date of Policy.
4.  Unenforceability of the lien of the Insured Mortgage because of the inability or failure of an Insured to comply with applicable doing-business law.
5.  Invalidity or unenforceability of the lien of the Insured Mortgage that arises out of the transaction evidenced by the Insured Mortgage and is based upon usury law or Consumer Protection Law.
6.  Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights law, that the transaction creating the lien of the Insured Mortgage is a:
    a.  fraudulent conveyance or fraudulent transfer;
    b.  voidable transfer under the Uniform Voidable Transactions Act; or
    c.  preferential transfer:
        i.    to the extent the Insured Mortgage is not a transfer made as a contemporaneous exchange for new value; or
        ii.   for any other reason not stated in Covered Risk 13.b.
7.  Any claim of a PACA-PSA Trust. Exclusion 7 does not modify or limit the coverage provided under Covered Risk 8.
8.  Any lien on the Title for real estate taxes or assessments imposed by a governmental authority and created or attaching between the Date of Policy and the date of recording of the Insured Mortgage in the Public Records. Exclusion 8 does not modify or limit the coverage provided under Covered Risk 2.b. or 11.b.
9.  Any discrepancy in the quantity of the area, square footage, or acreage of the Land or of any improvement to the Land.

### ALTA OWNER'S POLICY (07/01/21)

The following matters are excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:

1.  a.  any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) that restricts, regulates, prohibits, or relates to:
        i.    the occupancy, use, or enjoyment of the Land;
        ii.   the character, dimensions, or location of any improvement on the Land;
        iii.  the subdivision of land; or
        iv.   environmental remediation or protection.
    b.  any governmental forfeiture, police, regulatory, or national security power.
    c.  the effect of a violation or enforcement of any matter excluded under Exclusion 1.a. or 1.b.
    Exclusion 1 does not modify or limit the coverage provided under Covered Risk 5 or 6.
2.  Any power of eminent domain. Exclusion 2 does not modify or limit the coverage provided under Covered Risk 7.
3.  Any defect, lien, encumbrance, adverse claim, or other matter:
    a.  created, suffered, assumed, or agreed to by the Insured Claimant;
    b.  not Known to the Company, not recorded in the Public Records at the Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
    c.  resulting in no loss or damage to the Insured Claimant;
    d.  attaching or created subsequent to the Date of Policy (Exclusion 3.d. does not modify or limit the coverage provided under Covered Risk 9 or 10); or
    e.  resulting in loss or damage that would not have been sustained if consideration sufficient to qualify the Insured named in Schedule A as a bona fide purchaser had been given for the Title at the Date of Policy.
4.  Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights law, that the transaction vesting the Title as shown in Schedule A is a:
    a.  fraudulent conveyance or fraudulent transfer;
    b.  voidable transfer under the Uniform Voidable Transactions Act; or
    c.  preferential transfer:
        i.    to the extent the instrument of transfer vesting the Title as shown in Schedule A is not a transfer made as a contemporaneous exchange for new value; or
        ii.   for any other reason not stated in Covered Risk 9.b.
5.  Any claim of a PACA-PSA Trust. Exclusion 5 does not modify or limit the coverage provided under Covered Risk 8.
6.  Any lien on the Title for real estate taxes or assessments imposed or collected by a governmental authority that becomes due and payable after the Date of Policy. Exclusion 6 does not modify or limit the coverage provided under Covered Risk 2.b.
7.  Any discrepancy in the quantity of the area, square footage, or acreage of the Land or of any improvement to the Land.

## SCHEDULE OF STANDARD EXCEPTIONS

1.  Taxes or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public records; proceedings by a public agency which may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the public records.

2.  Facts, rights, interests or claims which are not shown by the public records but which could be ascertained by an inspection of the land or by making inquiry of persons in possession thereof.

3.  Easements, or claims of easement, not shown by the public records; reservations or exceptions in patents or in Acts authorizing the issuance thereof; water rights, claims or title to water.

4.  Any encroachment (of existing improvements located on the subject land onto adjoining land or of existing improvements located on adjoining land onto the subject land), encumbrance, violation, variation, or adverse circumstance affecting the title that would be disclosed by an accurate and complete land survey of the subject land.

5.  Any lien" or right to a lien, for services, labor, material, equipment rental or workers compensation heretofore or hereafter furnished, imposed by law and not shown by the public records.

NOTE:  A SPECIMEN COPY OF THE POLICY FORM (OR FORMS) WILL BE FURNISHED UPON REQUEST                                                        Rev. 07-01-21

 *First American Title*™

## Privacy Notice

**Effective:** October 1, 2019

**Notice Last Updated:** January 1, 2022

This Privacy Notice describes how First American Financial Corporation and its subsidiaries and affiliates (together referred to as "First American," "we," "us," or "our") collect, use, store, and share your information with the exception that a subsidiary or affiliate has their own privacy policy, that policy governs. This Privacy Notice applies to information we receive from you offline only, as well as from third parties, when you interact with us and/or use and access our services and products ("Products"). For more information about our privacy practices, including our online practices, please visit https://www.firstam.com/privacy-policy/. The practices described in this Privacy Notice are subject to applicable laws in the places in which we operate.

**What Type Of Information Do We Collect About You?** We collect a variety of categories of information about you. To learn more about the categories of information we collect, please visit https://www.firstam.com/privacy-policy/.

**How Do We Collect Your Information?** We collect your information: (1) directly from you; (2) automatically when you interact with us; and (3) from third parties, including business parties and affiliates.

**How Do We Use Your Information?** We may use your information in a variety of ways, including but not limited to providing the services you have requested, fulfilling your transactions, comply with relevant laws and our policies, and handling a claim. To learn more about how we may use your information, please visit https://www.firstam.com/privacy-policy/.

**How Do We Share Your Information?** We do not sell your personal information. We only share your information, including to subsidiaries, affiliates, and to unaffiliated third parties: (1) with your consent; (2) in a business transfer; (3) to service providers; and (4) for legal process and protection. To learn more about how we share your information, please visit https://www.firstam.com/privacy-policy/.

**How Do We Store and Protect Your Information?** The security of your information is important to us. That is why we take commercially reasonable steps to make sure your information is protected. We use our best efforts to maintain commercially reasonable technical, organizational, and physical safeguards, consistent with applicable law, to protect your information.

**How Long Do We Keep Your Information?** We keep your information for as long as necessary in accordance with the purpose for which it was collected, our business needs, and our legal and regulatory obligations.

**Your Choices** We provide you the ability to exercise certain controls and choices regarding our collection, use, storage, and sharing of your information. You can learn more about your choices by visiting https://www.firstam.com/privacy-policy/.

**International Jurisdictions**: Our Products are offered in the United States of America (US), and are subject to US federal, state, and local law. If you are accessing the Products from another country, please be advised that you may be transferring your information to us in the US, and you consent to that transfer and use of your information in accordance with this Privacy Notice. You also agree to abide by the applicable laws of applicable US federal, state, and local laws concerning your use of the Products, and your agreements with us.

We may change this Privacy Notice from time to time. Any and all changes to this Privacy Notice will be reflected on this page, and where appropriate provided in person or by another electronic method. **YOUR CONTINUED USE, ACCESS, OR INTERACTION WITH OUR PRODUCTS OR YOUR CONTINUED COMMUNICATIONS WITH US AFTER THIS NOTICE HAS BEEN PROVIDED TO YOU WILL REPRESENT THAT YOU HAVE READ AND UNDERSTOOD THIS PRIVACY NOTICE.**

**Contact Us** dataprivacy@firstam.com or toll free at 1-866-718-0097.

---

© 2022 First American Financial Corporation and/or its affiliates. All rights reserved. NYSE:FAF

 *First American Title*™

## For California Residents

If you are a California resident, you may have certain rights under California law, including but not limited to the California Consumer Privacy Act of 2018 ("CCPA"). All phrases used in this section shall have the same meaning as those phrases are used under California law, including the CCPA.

**Right to Know**. You have a right to request that we disclose the following information to you: (1) the categories of personal information we have collected about or from you; (2) the categories of sources from which the personal information was collected; (3) the business or commercial purpose for such collection and/or disclosure; (4) the categories of third parties with whom we have shared your personal information; and (5) the specific pieces of your personal information we have collected. To submit a verified request for this information, go to our online privacy policy at www.firstam.com/privacy-policy to submit your request or call toll-free at 1-866-718-0097. You may also designate an authorized agent to submit a request on your behalf by going to our online privacy policy at www.firstam.com/privacy-policy to submit your request or by calling toll-free at 1-866-718-0097

**Right of Deletion**. You also have a right to request that we delete the personal information we have collected from and about you. This right is subject to certain exceptions available under the CCPA and other applicable law. To submit a verified request for deletion, go to our online privacy policy at www.firstam.com/privacy-policy to submit your request or call toll-free at 1-866-718-0097. You may also designate an authorized agent to submit a request on your behalf by going to our online privacy policy at www.firstam.com/privacy-policy to submit your request or by calling toll-free at 1-866-718-0097.

**Verification Process**. For either a request to know or delete, we will verify your identity before responding to your request. To verify your identity, we will generally match the identifying information provided in your request with the information we have on file about you. Depending on the sensitivity of the information requested, we may also utilize more stringent verification methods to verify your identity, including but not limited to requesting additional information from you and/or requiring you to sign a declaration under penalty of perjury.

**Notice of Sale**. We do not sell California resident information, nor have we sold California resident information in the past 12 months. To the extent any First American affiliated entity has a different practice, it will be stated in the applicable privacy policy. We have no actual knowledge of selling the information of minors under the age of 16.

**Right of Non-Discrimination**. You have a right to exercise your rights under California law, including under the CCPA, without suffering discrimination. Accordingly, First American will not discriminate against you in any way if you choose to exercise your rights under the CCPA.

**Notice of Collection**. To learn more about the categories of personal information we have collected about California residents over the last 12 months, please see "What Information Do We Collect About You" in https://www.firstam.com/privacy-policy. To learn about the sources from which we have collected that information, the business and commercial purpose for its collection, and the categories of third parties with whom we have shared that information, please see "How Do We Collect Your Information", "How Do We Use Your Information", and "How Do We Share Your Information" in https://www.firstam.com/privacy-policy.

**Notice of Sale**. We have not sold the personal information of California residents in the past 12 months.

**Notice of Disclosure**. To learn more about the categories of personal information we may have disclosed about California residents in the past 12 months, please see "How Do We Use Your Information" and "How Do We Share Your Information" in https://www.firstam.com/privacy-policy.

---

© 2022 First American Financial Corporation and/or its affiliates. All rights reserved. NYSE:FAF

First American Title

1S3E18CD 01611
6518 SE Platt Ave
Portland, OR 97236



## Taxlot

 Subject     Taxlot

12/6/2024

First American Title Insurance Company makes no express or implied warranty respecting the information presented and assumes no responsibility for errors or omissions. FIRST AMERICAN, the Eagle logo, and FIRST AMERICAN TITLE INSURANCE COMPANY are trademarks owned by First American Financial Corporation. Information is provided by Home Junction. https://www.homejunction.com/ School information is copyrighted and provided by GreatSchools.org. https://www.greatschools.org

| American Land Title Association | ALTA Settlement Statement - Seller |
|---|---|
| | Adopted 05-01-2015 |

| File No.: 7072-4225485 | **First American Title Insurance Company** | |
|---|---|---|
| Printed: 03/13/2025, 2:15 PM | |  |
| Officer/Escrow Officer: Lisa L. Smith/LLS | **9200 SE Sunnybrook Blvd., Ste 400 • Clackamas, OR 97015** | |
| Settlement Location: | **Phone: (503)659-0069  Fax: (866)902-9870** | |
| 9200 SE Sunnybrook Blvd., Ste 400, Clackamas, | **Estimated Settlement Statement** | |
| OR 97015 | | |

Property Address: 6518 SE Platt Avenue, Portland, OR 97236
Buyer: Schafia Naseri; Angela Naseri
Seller: Suzanne Rowe of Summit Fiduciary Services LLC, an Oregon limited liability compa
Lender: Eastbank Mortgage
Settlement Date: 03/31/2025
Disbursement Date:

| | | Seller | |
|---|---|---|---|
| **Description** | | **Debit** | **Credit** |
| **Financial** | | | |
| Sale Price | | | 650,000.00 |
| | | | |
| **Prorations/Adjustments** | | | |
| County Taxes  03/31/25 to 07/01/25  @$6,967.59/yr | | | 1,756.21 |
| | | | |
| **Title Charges & Escrow / Settlement Charges** | | | |
| Title - Owner's Title Insurance | | 1,575.00 | |
| ALTA Owner's Policy  to First American Title Insurance Company | | | |
| Title - Government Service Fee-OR | | 30.00 | |
| Government Service Fee-OR  to First American Title Insurance Company | | | |
| Title - Escrow Fee | | 1,225.00 | |
| Escrow/Closing Fee  to First American Title Insurance Company | | | |
| Title - Tracking/Maintenance Fee | | 400.00 | |
| Tracking/Maintenance Fee  to First American Title Insurance Company | | | |
| | | | |
| **Real Estate Broker Compensation** | | | |
| Real Estate Broker Compensation/NEED  to Premiere Property Group, LLC | | 16,250.00 | |
| Real Estate Broker Compensation/NEED  to John L. Scott | | 16,250.00 | |
| | | | |
| **Payoff(s) and Payment(s)** | | | |
| Faye Servicing, LLC Payoff Processing | | | |
| Principal Balance  to Faye Servicing, LLC Payoff Processing | | 386,693.30 | |
| Late Charge  to Faye Servicing, LLC Payoff Processing | | 4,585.85 | |
| current unpaid principal   to Faye Servicing, LLC Payoff Processing | | 9,542.88 | |
| current total deferment   to Faye Servicing, LLC Payoff Processing | | 48,574.83 | |
| interest on 2nd mtg  to Faye Servicing, LLC Payoff Processing | | 32,557.48 | |
| escrow impound overdraft  to Faye Servicing, LLC Payoff Processing | | | 1,544.55 |
| suspense balance   to Faye Servicing, LLC Payoff Processing | | 477.12 | |
| Point West Credit Union | | | |
| estimated payoff  to Point West Credit Union | | 38,947.12 | |

This is a summary of the closing transaction prepared by First American Title Insurance Company. This document is not intended to replace the Closing Disclosure form.

Copyright 2015 American Land Title Association.
All rights reserved

| Description | Seller | |
| --- | Debit | Credit |
| | | |
| **Miscellaneous** | | |
| Home Warranty  to Fidelity National Home Warranty | 610.00 | |
| Tax Deferral payoff   to Department of Revenue | 14,257.83 | |
| ESTIMATED PAYOFF   to CAPITAL ONE / JUDGMENT ESTIMATED | 2,782.78 | |
| | | |
| **Subtotals** | 574,759.19 | 653,300.76 |
| Due To Seller | 78,541.57 | |
| Totals | 653,300.76 | 653,300.76 |

Our wire instructions do not change.  Our banking institution is First American Trust.  If you receive an email or other communication that appears to be from us or another party involved in your transaction instructing you to wire funds to a bank other than First American Trust, you should consider it suspect and you must call our office at an independently verified phone number.  Do not inquire with the sender.

**Acknowledgement**

We/I have carefully reviewed the Estimated ALTA Settlement Statement and find it to be a true and accurate statement of all receipts and disbursements to be made on my account or by me in this transaction and further certify that I have received a copy of the Estimated ALTA Settlement Statement. This Estimated Settlement Statement is subject to changes, corrections or additions at the time of final computation of Escrow Settlement Statement. We/I authorize First American Title Insurance Company  to cause the funds to be disbursed in accordance with the Final ALTA Settlement Statement to be provided to me/us at closing.

This is a summary of the closing transaction prepared by First American Title Insurance Company. This document is not intended to replace the Closing Disclosure form.

Copyright 2015 American Land Title Association.
All rights reserved

File # 7072-4225485
Printed on 03/13/2025 at 2:15 PM

**Seller(s):**

Suzanne Rowe of Summit Fiduciary Services
LLC, an Oregon limited liability company as
personal representative for the Heirs or
devisees of Josephine Holmes, Deceased


_____
Suzanne Rowe, Personal Representative




_____
Escrow Officer: Lisa L. Smith


This is a summary of the closing transaction prepared by First American Title Insurance Company. This document is not intended to replace the
Closing Disclosure form.

Copyright 2015 American Land Title Association.
All rights reserved

File # 7072-4225485
Printed on 03/13/2025 at 2:15 PM

Exhibit C

1
2
3                IN THE CIRCUIT COURT OF THE STATE OF OREGON
4                     FOR THE COUNTY OF MULTNOMAH
5                              Probate Department

6  In the Matter of the Estate of:          Case No. 24PB08842

7  JOSEPHINE CARTER-HOLMES,                  LIMITED JUDGMENT APPROVING THE
                                             UN-RESTRICTION OF REAL PROPERTY
8                         Deceased.          FOR SALE; AND RESTRICTION OF A
                                             PORTION OF NET PROCEEDS
9

10         The court accepts the petition of Personal Representative, SUMMIT FIDUCIARY

11  SERVICES, LLC, to remove the restriction on the real property asset so that it can be placed on

12  the real estate market for sale and transfer and then restrict a portion of the net sale proceeds.

13         IT IS, THEREFORE, ORDERED AND ADJUDGED:

14         1.      Approval is granted to remove the asset restriction on the real property located

15                 at 6518 SE Platt Avenue, Portland, OR 97236 so that it can be sold and

16                 transferred to a new owner;

17         2.      The net sale proceeds, except for $50,000.00, shall be placed in a restricted bank

18                 account.  The $50,000.00 shall be available to pay for debt of Decedent's and

19                 miscellaneous estate expenses; and

20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /

Page 1 – LIMITED JUDGMENT APPROVING THE UN-RESTRICTION OF          **Rose Elder Law, LLC**
         REAL PROPERTY FOR SALE; AND RESTRICTION OF A                5200 Meadows Rd, Ste. 150
         PORTION OF NET PROCEEDS                                     Lake Oswego, OR 97035
                                                                    Ph: 971-865-3171

1      3.      Personal Representative shall file proof of the restricted account within 30 days

2      of receiving the net proceeds from the sale of real property.

3      4. The personal representative shall file status reports re: the sale of the property every 30 days
until it is sold.

**2/26/2025 8:15:34 AM**

_Jacqueline L. Alarcón_

Circuit Court Judge Jacqueline L. Alarcón
proxy signed by KAS

## CERTIFICATE OF READINESS

This proposed *Limited Judgment Approving the Un-Restriction of Real Property for Sale; and Restriction of a Portion of Net Proceeds* in the matter of JOSEPHINE CARTER-HOLMES, Case No. 24PB08842 is ready for judicial signature because:

Service is not required pursuant to subsection (3) of UTCR 5.100, or by statute, rule or otherwise.

DATED:  __02/24/2025__

ROSE ELDER LAW, LLC

_Cathy Behrendt_

Cathy Behrendt, Paralegal
for Jennifer A. Trundy, OSB #201080
Attorney for Personal Representative

PERSONAL REPRESENTATIVE:
Suzanne L. Rowe
Summit Fiduciary Services, LLC
PO Box 80909
Portland, OR 97280
Ph: 503-707-9228
suzanne@summitfiduciary.com

ATTORNEY FOR PERSONAL REPRESENTATIVE:
Jennifer A. Trundy, OSB #201080
Rose Elder Law, LLC
5200 Meadows Rd, Ste. 150
Lake Oswego, OR 97035
Ph: 971-865-3171
jennifer@roseelderlaw.com

Page 2 – LIMITED JUDGMENT APPROVING THE UN-RESTRICTION OF
      REAL PROPERTY FOR SALE; AND RESTRICTION OF A
      PORTION OF NET PROCEEDS

**Rose Elder Law, LLC**
5200 Meadows Rd, Ste. 150
Lake Oswego, OR 97035
Ph: 971-865-3171

DISTRICT OF OREGON
**F I L E D**
**March 26, 2025**
**Clerk, U.S. Bankruptcy Court**

Below is an order of the court.

_David W. Hercher_
DAVID W. HERCHER
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In re:                              )
                                    )       **Case No. 24-30003-dwh13**
**Josephine Carter-Holmes,**        )
                                    )       **ORDER REDUCING**
                                    )       **TIME FOR RESPONSE**
                 Debtor.            )
_____     )

THIS MATTER came before the Court on Debtor's March 25, 2025 _Motion For Order Reducing Time For Response_ [Doc. #63] with respect to a motion seeking approval of the sale of real property. Debtor appeared through Todd Trierweiler of her attorneys; no other appearances were noted. Having reviewed the _Motion_ and pleadings on file herein, good cause appearing, and being fully advised in the premises,

**Page 1 of 2 – ORDER REDUCING TIME FOR RESPONSE**

1    IT IS HEREBY ORDERED that the response period with respect

2  to the motion seeking approval of the sale of real property

3  shall be, and hereby is, reduced from twenty-one (21) days to

4  seven (7) days.

5                              # # #

6  SUBMITTED BY:

7

8  /s/ Michael R. Blaskowsky
   Michael R. Blaskowsky
9  OSB #84176
   *For* Todd Trierweiler
10 OSB #85348
   Attorney For Debtor

11

12 cc via ECF:    Mr. Todd Trierweiler
                  Mr. Wayne R. Godare
13                United States Trustee

14 cc via Mail:   Ms. Suzanne Rowe
                  P.O. Box 80909
15                Portland, Oregon 97280

16

17

18

19

20

21

22

23

24

**Page 2 of 2 — ORDER REDUCING TIME FOR RESPONSE**